# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1649V

| | |
|---|---|
| BETTY JETER, as Administratrix of the Estate of Rexford N. Jeter, | UNPUBLISHED |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed: March 7, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Interim Attorneys' Fees and Costs. |
| Respondent. | |

*Mark Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
*Mallori Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On October 25, 2018, Betty Jeter ("Petitioner") filed a petition, as administratrix of the Estate of Rexford Jeter, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that Mr. Jeter developed transverse myelitis, peripheral neuropathy, edema, bilateral lower extremity deep vein thrombosis ("DVT"), decubitus ulcers, staph aureus bacteremia, pseudomonas, sepsis, MRSA, chronic osteomyelitis, protein calorie malnutrition, anemia of chronic disease, thrombocytopenia,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

aspiration pneumonia, and acute kidney injury that were either "caused-in-fact" by the influenza vaccines Mr. Jeter received on October 29, 2015 and October 30, 2016, or in the alternative significantly aggravated by those vaccines that ultimately contributed to his death on July 8, 2017. Pet. at 1.

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on September 6, 2022, requesting a total of $45,686.69. Fees App., Ex. A at 26. On September 19, 2022, Respondent filed a response, stating if I am satisfied that reasonable basis and the interim fee award standards are met in this case, "respondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorney's fees and costs." Fees Resp. at 4, ECF No. 48. Petitioner filed a reply on September 20, 2022.

I hereby **GRANT** Petitioner's application in part, and award a total of **$45,671.83** in interim attorneys' fees and costs.

   **I.**   **Legal Standard**

   **A. Interim Attorneys' Fees and Costs**

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*,

2

2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

3

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). I also note that the COVID-19 pandemic has had a significant impact on the United States economy and such impact has been recognized by this court. *See Monge-Landry v. Sec'y of Health & Hum. Servs.*, No. 14-853V, 2020 WL 4219821 *5 (Fed. Cl. Spec. Mstr. Jun. 30, 2020) (recognizing the COVID-19 pandemic's continued disruption of the airline industry in its calculation of appropriate interim fees). Counsel for

Petitioner argues he has "borne considerable fees and costs during the many years of prosecuting this case." Fees App. at 4.

This case has been in litigation for over four years. Given these unprecedented economic circumstances, and the time already spent litigating this case, I find that the Petitioner would suffer undue hardship in the absence of an award of interim attorneys' fees and costs.

### B. Good Faith and Reasonable Basis

Respondent did not raise any objection to the good faith or reasonable basis for this claim. I find that the petition was filed in good faith.

With regards to reasonable basis, Petitioner has submitted two expert reports from Dr. Alberto Martinez-Arizala. Exs. 17, 21. Dr. Martinez-Arizala opined that Mr. Jeter's transverse myelitis was caused by his flu vaccination and that molecular mimicry explained how components of the vaccine cross react with T and B cells, "essentially causing an autoimmune disease." Ex. 17 at 6. Dr. Martinez-Arizala also identified papers with case studies involving TM/flu vaccination. *Id.* at 6-7. I find this evidence is sufficient to satisfy Petitioner's burden with respect to reasonable basis.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioner requests a total of $40,022.72 in attorneys' fees. Fees App. at 3.

  1. <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%2

Petitioner's attorney, Mr. Mark Sadaka requests an hourly rate of $362.95 for 2016; $376.38 for 2017; $396.00 for 2018; $405.00 for 2019; $422.00 for 2020; $444.00 for 2021; and $458.00 for 2022. Fees App., Ex. A at 24. Additionally, Mr. Sadaka requests hourly rates ranging from $140.00-$177.00 for work performed from 2016 to 2022 by his paralegals. *Id.* at 24-25.

Mr. Sadaka's requested rates are consistent with *McCulloch* and with what he and his paralegals have been previously awarded in the Program. *See, e.g., Malar v. Sec'y of Health & Hum. Servs.*, No. 18-1429V, 2022 WL 2663240 (Fed. Cl. Spec. Mstr. Jun. 16, 2022); *Fisher v. Sec'y of Health & Hum. Servs.*, No. 18-1705V, 2022 WL 2299985 (Fed. Cl. Spec. Mstr. Apr. 26, 2022); *Nemmer v. Sec'y of Health & Hum. Servs.*, No. 17-1464V, 2020 WL 1910695 (Fed. Cl. Spec. Mstr. Feb. 20, 2020). I find the requested rates to be reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011

---

7%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf

The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf

The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of the 166 hours billed by himself and his paralegals. *See* Fees App., Ex. A. I find the hours to be reasonable and grant them in full.

Total attorneys' fees to be awarded: **$40,022.72**

**D. Reasonable Costs**

Petitioner requests a total of $5,663.97 in costs. Specifically, Petitioner requests reimbursement of mailing costs, medical record requests, Dr. Martinez-Arizala's expert fee, Dr. Yousem's consultation, the Court's filing fee, and the filing fee in Petitioner's probate case. Fees App., Ex. A at 25-26. Documentation was provided for the Court's filing fee, medical records requests, and stamp expenses, thus I grant these costs in full. I discuss the remaining expenses below.

### 1. Petitioner's Expert Costs for Dr. Alberto Martinez-Arizala

Petitioner requests a total of $3,000.00 for Dr. Martinez-Arizala's first expert report.[4] Petitioner requests an hourly rate of $500.00 for Dr. Martinez-Arizala. Other Special Masters have granted that requested hourly rate. *See, e.g.*, *Malar v. Sec'y of Health & Hum. Servs.*, No. 18-1429V, 2022 WL 2663240 (Fed. Cl. Spec. Mstr. Jun. 16, 2022); *Baughman v. Sec'y of Health & Hum. Servs.*, No. 18-591V, 2022 WL 501345 (Fed. Cl. Spec. Mstr. Jan. 18, 2022) (granting in full Dr. Martinez-Arizala's expert report costs). The hours billed by Dr. Martinez-Arizala are also reasonable, therefore I grant his expert costs in full.

### 2. Petitioner's Expert Costs for Dr. David M. Yousem

Petitioner's counsel submitted a bill for Dr. Yousem for "Initial case review and 2 set of MRI images" totaling two hours of work, at an hourly rate of $500.00. No CV was filed for Dr. Yousem, nor was a report by Dr. Yousem filed. A Google search of Dr. Yousem shows that he is a professor at Johns Hopkins University, and is the vice chairman of radiology at Johns Hopkins Medicine. David M. Yousem, Johns Hopkins Medicine, https://www.hopkinsmedicine.org/profiles/details/david-yousem (last visited Mar. 2, 2023). Dr.

---

[4] Based on Dr. Martinez-Arizala's records, he spent a total of six hours reviewing, discussing this case with Mr. Sadaka, and writing one report. Two reports have been filed from Dr. Martinez-Arizala.

Yousem is board certified in diagnostic radiology and neuroradiology. *See id.* I see no reason not to award Dr. Yousem's requested fees; accordingly, I grant them in full.[5]

### 3. Petitioner's Filing Fee in State Probate Case

Petitioner's counsel paid Petitioner's filing fee ($107.00) in Macon County Probate Court, likely to establish standing in this case, although this has not been expressly stated by counsel.[6] Nevertheless, costs associated with establishing guardianship have been granted in the Vaccine Program and Petitioner establishing herself as administratrix of Mr. Jeter's estate would be similar. Letters of Administration from the Macon County Probate Court were filed as Exhibit 11. This cost shall be granted.

### 4. Other Miscellaneous Costs

No documentation has been provided for two mailing charges: 1) on 9/21/17, Mailing of Affidavit of Next of Kin and return envelope, and 2) on 8/31/2022, Mailing/Distribution. These two expenditures total $14.86. I will deduct this from Petitioner's request. Petitioner was able to provide receipts or documentation for other mailing expenditures of similar cost. Petitioner may request these costs again in a final attorneys' fees and costs motion. Other mailing expenditures match up to U.S.P.S. stamp prices and will be granted in full.

Total costs to be awarded: **$5,649.11**

## III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT** Petitioner's application, as follows:

A lump sum in the amount of **$45,671.83**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

---

[5] I note that in finding Dr. Yousem's expert work reasonable, I do not specifically endorse any particular hourly rate billed by Dr. Yousem. Rather, I find the total amount billed for the work is reasonable in light of the invoice submitted.

[6] A photocopy of the check states this is for the "Initial filing fee to establish Probate Estate." Fees App., Ex. B at 21.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

                                           **s/ Katherine E. Oler**
                                           Katherine E. Oler
                                           Special Master